# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **RAFAEL LIMBER LEON GARCIA,** | **Case No. 24–cv–08411–ESK** |
| **Petitioner,** | |
| **v.** | **OPINION** |
| **WARDEN THOMPSON,** | |
| **Respondent.** | |

**KIEL, U.S.D.J.**

Petitioner Rafael Limber Leon Garcia filed this petition for writ of habeas corpus under 28 U.S.C. §2241 (Petition) (ECF No. 1.)  The filing fee for a petition for writ of habeas corpus is $5.00.  Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing.   If a prisoner does not pay the filing fee and instead seeks to proceed *in forma pauperis*, that petitioner must submit (a) an affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoner's institutional account during the six-month period prior to the date of the certification.  L.Civ.R. 81.2(b).  If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed *in forma pauperis*.  L.Civ.R. 81.2(c).

Petitioner did not pay the filing fee or submit an *in forma pauperis* application.   The Petition includes an authorization for the withdrawal of the fee from petitioner's inmate account, but the fee has not been received yet. (ECF No. 1–2.)  The Court will direct the Clerk to send petitioner an *in forma*

*pauperis* application that he may complete if he so chooses.   The Clerk will be ordered to administratively terminate the Petition pending receipt of the filing fee or an *in forma pauperis* application.[1]

An appropriate Order accompanies this Opinion.


_/s/ Edward S. Kiel_____
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

Dated:  August 26, 2024

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely.  *See Houston v. Lack*, 487 U.S. 266 (1988) (prisoner mailbox rule); *Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).