UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAFAEL LIMBER LEON GARCIA, <br><br> Petitioner, <br><br> v. <br><br> WARDEN THOMPSON, <br><br> Respondent. | Case No. 24–cv–08411–ESK <br><br><br> OPINION |

**KIEL, U.S.D.J.**

  **THIS MATTER** comes before the Court on petitioner Rafael Limber Leon Garcia's petition for writ of habeas corpus under 28 U.S.C. § 2241 (Petition) arguing that the Bureau of Prisons (Bureau) improperly revoked his good conduct credits that he had earned pursuant to the First Step Act (Act). (ECF No. 1.) Respondent Fort Dix Warden Thompson opposes the Petition. (ECF No. 6.) For the following reasons, I will dismiss the Petition as unexhausted.

  I. **FACTS AND PROCEDURAL HISTORY**

  Petitioner is a citizen of Ecuador. (ECF No. 6–3 p. 18.) On May 8, 2018, petitioner pleaded guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vehicle subject to the jurisdiction of the United States, 46 U.S.C. § 70506(b). *United States v. Garcia*, No. 1:18–cr–20283 (S.D. Fla. May 8, 2018); (ECF No. 6–3 p. 6.) Petitioner received a 135-month sentence, followed by a five-year supervised release term, on July 20, 2018. (ECF No. 6–3 pp. 6, 7, 8). The sentencing court reduced petitioner's sentence to 120-months on September 27, 2024. (*Id.* p. 13.) His projected release date from custody is October 26, 2026. (*Id.* p. 2.)

On October 8, 2024, the Department of Homeland Security (Department) issued a Notice and Order of Expedited Removal (Removal Order) to petitioner pursuant to the Immigration and Nationality Act (Immigration Act) because he "was paroled into the United States on or about March 28, 2018, at or near Port Everglades, Florida, for the purpose of prosecution" and "an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa … or other valid entry document … ." (*Id.* pp. 18, 19); 8 U.S.C. § 1225(b)(1). Petitioner signed the Removal Order on November 1, 2024. (ECF No. 6–3 p. 18.)

Petitioner filed his Petition on August 12, 2024 while confined in Fort Dix Federal Correctional Institution (Fort Dix). (ECF No. 1.) He argues that the Bureau improperly revoked good conduct credits that he had earned prior to receiving the Removal Order. (ECF No. 1–1 p. 16.) Respondent opposes the Petition, arguing that it should be dismissed because petitioner failed to exhaust his administrative remedies. (ECF No. 6 p. 13.) Alternatively, respondent argues that the Petition is meritless because the Act prohibits the application of good conduct credits to the sentences of prisoners with final removal orders. (*Id.* p. 18.)

## II. LEGAL STANDARD

Title 28, Section 2243 of the United States Code provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A habeas corpus petition is the proper mechanism for a federal prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498–99 (1973); *see also Muhammad v. Close*, 540 U.S. 749 (2004).

A *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A *pro se* habeas petition must be construed liberally. *See Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002).

### III. DISCUSSION

#### A. Exhaustion

"Although there is no statutory exhaustion requirement attached to § 2241," the Third Circuit has "consistently applied an exhaustion requirement to claims brought under § 2241." *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000). "Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review." *Rodriguez v. Sage*, No. 1:22–cv–2053, 2023 WL 2309781, at *2 (M.D. Pa. Mar. 1, 2023) (citing *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761 (3d Cir. 1996)). Exhaustion is required because: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761–62.

The Bureau's administrative remedy system has three tiers allowing "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). "[A]n inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." 28 C.F.R. § 542.13(a). Next, the inmate submits a formal written administrative remedy request to the facility warden on the BP–9 form. 28 C.F.R. § 542.14(a). "An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP–10) to the appropriate Regional Director

within 20 calendar days of the date the Warden signed the response." 28 C.F.R. § 542.15(a). "An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP–11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response." *Id.* "Appeal to the General Counsel is the final administrative appeal." *Id.*

Petitioner submitted a BP–9 form asking that his credits be restored, but he withdrew that request. (ECF No. 6–3 p. 16.) He did not submit any further administrative remedy requests. (ECF No. 6–2 ¶ 5.) Petitioner concedes that he did not complete the Bureau's administrative remedy program and asserts he was not required to exhaust the program because he is only challenging the Bureau's statutory interpretation of the Act and because he "would suffer irreparable injury were the Court to hold him to the administrative exhaustion requirement due to him being past his release date … ." (ECF No. 1–1 pp. 10, 12.)

The Petition is more than a challenge to statutory interpretation and has some factual questions that would have benefitted from Bureau agency review. For example, petitioner filed the Petition in August 2024 but does not appear to have been subject to a final removal order until October 2024. (*See* ECF No. 1; ECF No. 6–3 p.18.) Filing a remedy request would have given the Bureau the opportunity to review petitioner's file and correct any errors, if necessary, without court intervention.[1] *See Bortolotti v. Knight*, No. 22–cv–06137, 2022 WL 17959577, at *3 (D.N.J. Dec. 27, 2022) ("[A]s [p]etitioner is confident that the [Bureau] has made a mistake, the [Bureau] should have an opportunity to correct its own errors.")

---

[1] Petitioner's status at the time of filing is irrelevant now because there is no dispute that he is presently subject to a final removal order.

4

Petitioner's futility argument also does not excuse his failure to exhaust administrative remedies. "[T]he mere fact that the administrative process is time-consuming and might take from three to five months does not trigger the futility exception." *Johnson v. United States*, No. 14–cv–05207, 2014 WL 4388610, at *5 (D.N.J. Sept. 5, 2014); *see also Bortolotti*, 2022 WL 17959577, at *3.

Petitioner's failure to file administrative remedy forms deprived the Bureau of a chance "to develop a factual record and apply its expertise" before he filed the Petition in federal court. *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761 (3d Cir. 1996); *Fernandez v. Warden, FCI Ft. Dix*, No. 24–cv–09014, 2024 WL 4542198, at *2 (D.N.J. Oct. 21, 2024) ("[T]he process would still serve the valid purpose of producing a record for review and in any event would have permitted [p]etitioner to dispute any factual issues he may have had.") Therefore, I conclude that petitioner failed to exhaust his administrative remedies.

Failure to exhaust administrative remedies "generally bars review of a federal habeas corpus petition absent a showing of cause and prejudice[.]" *Moscato*, 98 F.3d at 761. Courts in this District have not excused the exhaustion requirement when the failure to exhaust was a choice. *See Hayes v. Ortiz*, No. 20–cv–05268, 2020 WL 3425291, at *5 (D.N.J. June 23, 2020) ("By choosing to skip the administrative process, [p]etitioner has delayed any relief that was available to him.") "[T]he calamity—if any—which [p]etitioner might be facing is of his own making, and such hypothetical self-inflicted distress cannot serve as a basis for excusing the exhaustion requirement." *Shoup v. Shultz*, No. 09–cv–00585, 2009 WL 1544664, at *5 (D.N.J. June 2, 2009). I find

that petitioner has not demonstrated cause for his failure to exhaust and will dismiss the Petition accordingly.[2]

### B.     Merits of the Petition

Petitioner would not be entitled to habeas relief even if I were to excuse his failure to exhaust his administrative remedies.  Under the Act, federal prisoners who complete "evidence-based recidivism reduction programming or productive activities" are entitled to earn good conduct credits to be applied towards early supervised release.  18 U.S.C. § 3632(d)(4)(A).  However, the statute explicitly states that a prisoner "is ineligible to apply time credits [to reduce his sentence] if the prisoner is the subject of a final order of removal under any provision of the immigration laws."  18 U.S.C. § 3632(d)(4)(E)(i). "The statute thus bars any inmate who is subject to a final order of removal from receiving [good conduct] credits or applying any previously earned credits towards early supervised release." *Sanchez-Leyva v. Warden, FCI Ft. Dix*, No. 24–cv–06118, 2024 WL 4249544, at *2 (D.N.J. Sept. 20, 2024) (citing *Gonzalez-Garcia v. FCI Berlin, Warden*, No. 23–cv–00091, 2023 WL 3020872, at *2 (D.N.H. Apr. 20, 2023)).

The Department served petitioner with a copy of the Removal Order, finding petitioner inadmissible to the United States under 8 U.S.C. § 1182(a)(7)(A)(i)(I) and ordering him removed from the United States pursuant to 8 U.S.C. § 1225(b)(1), on November 1, 2024.  (ECF No. 6–3 p. 18.)  The plain text of the Act prohibits the Bureau from applying good conduct credits to petitioner's sentence.  18 U.S.C. § 3632(d)(4)(E)(i); *Posso v. Warden FCI Fort Dix*, No. 24–cv–04555, 2024 WL 4615671, at *3 (D.N.J. Oct. 29, 2024) ("[T]he Act's language is unambiguous in prohibiting the Bureau from applying any

---

[2] As I will discuss *infra*, petitioner also cannot demonstrate he will be prejudiced by dismissal because the Petition would fail on the merits.

good conduct credits to the sentences of federal prisoners with final removal orders.") The credits at issue are "contingent in nature based on the clear statutory language–if an alien receives a final order of removal he may not apply any credits earned under the [A]ct towards early release." *Fernandez v. Warden, FCI Ft. Dix*, No. 24–cv–09014, 2024 WL 4542198, at *1 (D.N.J. Oct. 21, 2024). Petitioner's "interest was always dependent on not having a removal order, and it is the clear language of the statute, and not the [Bureau], which has deprived him of the ability to apply his credits." *Id.* Therefore, he is not entitled to relief pursuant to § 2241.

## IV. CONCLUSION

For the reasons stated above, I will dismiss the Petition for failure to exhaust. An appropriate Order accompanies this Opinion.

/s/ Edward S. Kiel
**EDWARD S. KIEL**
UNITED STATES DISTRICT JUDGE

Dated: January 10, 2025